**W. S. BUTTERFIELD THEATRES, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**WJR, The Goodwill Station, Inc., Intervenor.**

**TREBIT CORPORATION, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**WJR, The Goodwill Station, Inc., Intervenor.**

**Nos. 12527, 12752, 14685, 12528, 12753, 14691.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 7, 1959.

Decided Nov. 5, 1959.

Petitions for Rehearing Denied Dec. 8, 1959.

---

1. Pub.L. No. 241, 86th Congress, 1st Session.

Mr. D. M. Patrick, Washington, D. C., with whom Messrs. Lester Cohen, Parker D. Hancock, Stanley S. Harris and Howard F. Roycroft, Washington, D. C., were on the brief, for appellant in Nos. 12527, 12752 and 14685.

Mr. William J. Dempsey, Washington, D. C., with whom Messrs. William C. Koplovitz and Harry J. Ockershausen, Washington, D. C., were on the brief for appellant in Nos. 12528, 12753 and 14691.

Mr. James T. Brennan, Jr., Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, Gen. Counsel, Federal Communications Commission, Max D. Paglin, Asst. Gen. Counsel, Federal Communications Commission, and Jerry M. Hamovit, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. R. Russell Eagan, Washington, D. C., with whom Mr. Reed T. Rollo, Washington, D. C., was on the brief, for intervenor. Mr. Herbert J. Miller, Jr., Washington, D. C., also entered an appearance for intervenor in Nos. 12527 and 12528.

Before BAZELON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

These appeals arise from a continuation of a three-way contest for a permit to construct and operate a television station on Channel 12 at Flint, Michigan.

On May 12, 1954, the Federal Communications Commission granted the application of WJR, The Goodwill Station, Inc., intervenor, and denied those of W. S. Butterfield Theatres, Inc. and Trebit Corporation, appellants.[1] On December 6, 1954, the Commission denied appellants' petitions for rehearing and affirmed the grant to WJR. Ten days later WJR filed a petition for modification of its construction permit to embody a changed proposal. On the basis of this proposal, appellants jointly petitioned for reopening of the record and rehearing. Thereafter, in Nos. 12527 and 12528, Butterfield and Trebit appealed from the Commission's grant of the construction permit to WJR; in Nos. 12752 and 12753, they appealed from the Commission's refusal to rehear them on WJR's modification application; and, in Nos. 12666 and 12667, they appealed from the failure of the Commission to reopen the

1. The parties will be referred to hereinafter as "WJR," "Butterfield" and "Trebit."

record on account of the changed proposal.

The question raised in Nos. 12666 and 12667 was whether the Commission, in refusing to reopen the record, abused its discretion. We answered that question in the affirmative and remanded those cases to the Commission to reopen the record and conduct further hearings.[2] We did not reach the questions in Nos. 12527, 12528, 12752 and 12753.

Our basis for reversal in Nos. 12666 and 12667 was that there were significant changes in the original WJR proposal (relating to transmitter site, programming and studio building), which we felt, under Enterprise Co. v. Federal Communications Comm.,[3] required reopening of the record. Accordingly, we ruled:

"Appellants, ancillary to their six appeals, have petitioned us for an order directing the Commission to rescind its order of April 14, 1955, allowing modification of WJR's construction permit. That petition is denied. Appellants' rights are completely protected by our disposition of the two appeals relating to reopening of the record. The Commission will conduct further hearings on the question of differences between WJR's original and modified proposals and will reconsider its grant to WJR in the light of the differences thus disclosed." 99 U.S. App.D.C. 71, 78–79, 237 F.2d 552, 559–560.

In view of our decision in Nos. 12666 and 12667, the appeals in Nos. 12527, 12528, 12752 and 12753 were dismissed without prejudice. Those appeals have since been reinstated[4] and will be considered together with No. 14685 (Butterfield) and No. 14691 (Trebit).

Upon remand of Nos. 12666 and 12667, the Commission entered its order dated October 17, 1956 (released October 19, 1956), reading in part as follows:

"It Appearing, That in its opinion the Court of Appeals reversed and remanded this case to the Commission for further proceedings to determine the differences in transmitter site, programming and studio building proposals brought about by WJR's modification of its construction permit and to reconsider the grant to WJR in the light of the differences disclosed;

"It Further Appearing, That the court stated that one of the questions to be dealt with in the reconsideration is whether WJR's late revelation of its changed situation reflects upon its character and fitness as a licensee;

"It Is Ordered, That the record herein is reopened and remanded for further hearing before an Examiner to be designated by the Chief Hearing Examiner and for the preparation of a supplemental Initial Decision in which, in light of the evidence adduced under the issues hereinafter specified, the grant of WJR's application will be reconsidered on a comparative basis with the applications of Trebit and of Butterfield;

"It Is Further Ordered, That the hearing be upon the following issues:

"1. To determine the differences between the proposals advanced by WJR, The Goodwill Station, Inc., in its original application and those proposals advanced by it in its application for modification of its construction permit, insofar as those differences relate to the areas of transmitter site, programming and studio building.

---

**2.** See W. S. Butterfield Theatres v. Federal Communications Comm., 1956, 99 U.S. App.D.C. 71, 237 F.2d 552.

**3.** 1955, 97 U.S.App.D.C. 374, 231 F.2d 708, certiorari denied Beaumont Broadcasting

Corp. v. Enterprise Co., 1956, 351 U.S. 920, 76 S.Ct. 711, 100 L.Ed. 1451.

**4.** By order of this court dated January 15, 1959.

"2. To determine, in light of the facts, whether the time at which WJR filed its modification application reflects adversely upon WJR's character and fitness as a licensee."

Opposition to this order on remand was taken by Butterfield and Trebit in a petition requesting clarification of the issues and the inclusion of additional issues having to do with Sections 1.365 (a) [now 1.311] and 1.387(b)(3) [now 1.106(b)(1)] of the Rules of the Commission but the Commission denied this petition, and this court, on petition for mandamus, refused to interfere.

The matter proceeded to hearing, extensive hearings were held, and the Commission thereupon, after intermediate proceedings, concluded that it would better serve the public interest to affirm the grant to WJR than to set it aside and award it to other applicants. We think that the hearing held by the Commission on remand properly complied with this court's order, which directed the Commission to conduct *further* hearings on the differences between WJR's original and its modified proposal, and to *reconsider* its grant to WJR in the light of the differences thus disclosed.

The Commission reviewed at length, as was its obligation under the remand, the question of the differences between WJR's original and modified proposals, and reconsidered its grant to WJR in the light of the differences thus disclosed. Briefly stated, the Commission concluded that the new transmitter site was as desirable as the old one and served the public interest as well as the sites of appellants; so far as programming was concerned, the Commission held that there were no substantial changes in the essential elements of local live and remote broadcasts; as to the studio building, the Commission found that, so far as studio and technical matters were concerned, the original proposal had not been altered materially and that a comparison of the facilities proposed by WJR in its modified proposal with those of Butterfield and Trebit did not affect the composite preference given WJR.

The Commission further held that the delay of WJR in coming forward with its modified proposal did not reflect adversely on its character and fitness as a licensee. The Commission reaffirmed its action granting the application of WJR, as modified, for Channel 12.

We think that full and comparative hearings have now been afforded the respective parties. We find no basis for disturbing the Commission's decision. Accordingly, the orders in Nos. 12527, 12528, 12752, 12753, 14685 and 14691 must be affirmed.

Affirmed.